PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of the referee. Neither party seeks review of the report.
The referee’s findings of fact are summarized as follows. Respondent practiced law for many years, was reasonably competent and was respected in his home community. He was an alcoholic, but for many *337 years was able to control his use of alcohol and function as a lawyer without major detriment to his practice. In later years, however, he became less able to manage his alcoholism and became progressively less competent to handle his obligations. Early in 1985, respondent began assisting an elderly client in the management of her financial affairs. They became friends, and he also began providing her with general assistance and companionship. Because of his alcoholic condition, respondent found visiting with and assisting the elderly lady preferable to attending to the obligations of his law practice. Respondent allowed the client to deliver to him various checks for substantial sums. As the amounts paid were out of proportion to the value of any professional services rendered to her, respondent treated the transfers of money as gifts. The payments amounted to approximately $19,000. Soon afterward, a guardian was appointed for the client, and respondent made full restitution to the guardian.
The referee found that acceptance of the gifts of money was improper in that respondent knew or should have known that the client’s money should be safeguarded and used for her benefit. Because respondent’s judgment was impaired by alcoholism, he failed to recognize the impropriety at first, but upon later reflection and analysis he understood the impropriety of his behavior. He rendered an accounting to the court and repaid the money to the guardian. At this time he also realized, the referee found, that he needed to seek assistance and treatment to overcome his alcoholism.
Respondent advised The Florida Bar of his misconduct. An audit of his accounts revealed and the referee found that respondent had failed in several respects to follow the rules and mandated procedures governing trust account administration.
The referee found that respondent has undergone treatment for his recovery and rehabilitation from alcoholism and has a strong and sincere intention to overcome his illness. Respondent has continued to participate in the program of recovery prescribed for him by Florida Lawyers’ Assistance.
For the improper use of the funds of a client that should have been treated as trust funds and preserved solely for the use and benefit of the client, the referee recommended that respondent be found guilty of violating the former Integration Rule of The Florida Bar and the former Code of Professional Responsibility. The referee also recommended findings of violation of several of the former Integration Rule Bylaws pertaining to trust account records and procedures. The referee found “that Respondent’s misconduct was due to alcohol and resulting excessive use of alcohol over a long period of time which affected his reason and judgment.”
On the matter of discipline, the referee recommended that respondent be suspended from the practice of law for eighteen months and that he be placed on probation during the eighteen-month suspension. The recommended terms of probation are that respondent complete his contract with Florida Lawyers’ Assistance and comply with the other prescribed and recommended courses of recovery and treatment set forth in the referee’s report. We approve the referee’s report and adopt it as the judgment of this Court. R. Justin Marshall is hereby suspended from the practice of law for eighteen months and placed on probation under the conditions recommended by the referee. So that respondent can close his practice in an orderly fashion, the suspension shall take effect October 31, 1988. Respondent shall accept no new business from the date of this opinion.
The costs of this proceeding are assessed against the respondent. Judgment is entered against R. Justin Marshall for costs in the amount of $2,462.20, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.